**Marquis & Aurbach**
JAY YOUNG, ESQ.
Nevada Bar No. 5562
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARTIST HOUSE HOLDINGS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAVI SKIN, INC., a Nevada Corporation; TIM MONDAVI, an individual; JOSEPH SPELLMAN, an individual; CARLO MONDAVI, an individual; JOSHUA LEVINE, an individual; DOES I through X, inclusive and ROE Corporations I through X, inclusive, <br><br> Defendants. | Case No: 2:06-CV-893-RLH-LRL |

### FIRST AMENDED COMPLAINT

Plaintiff, Artist House Holdings, Inc. (hereinafter "Artist House"), by and through its counsel of record, Marquis & Aurbach, hereby complains and alleges against Defendants, and each of them, as follows:

### THE PARTIES

1.  Artist House is and was at all times relevant hereto a Japanese corporation incorporated under the laws of Japan with its principal place of business located at 3P Aoyama Building, 1-1-8 Shibuya, Shibuys-ku, Tokyo, Japan.

2.  Defendant, Davi Skin, Inc. (hereinafter "Davi") is and was at all times relevant hereto a Nevada corporation conducting business within the State of Nevada.

3.  Defendant, Tim Mondavi is and was at all times relevant hereto, upon information and belief, a resident of California.

4.  Defendant, Joseph Spellman (hereinafter "Spellman") is and was at all times

M&A:08524-001 390532_1 7/31/2006 1:09 PM

relevant hereto a resident of New York and an officer of Davi.

5. Defendant, Carlo Mondavi is and was at all times relevant hereto, upon information and belief, a resident of California and an officer of Davi.

6. Defendant, Joshua LeVine (hereinafter "LeVine") is and was at all times relevant hereto a resident of California and an officer or director of Davi.

7. The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as Does I through X, inclusive, and Roe Corporations I through X, are unknown to Plaintiff at this time, who therefore sues said Defendants by fictitious names and will ask leave of the Court to amend this Complaint to show the true names and capacities of Defendants when the same are ascertained; same Defendants are sued as principals and/or agents, servants, attorneys, and employees of said principals, and all the acts performed by them were within the course and scope of their authority and employment; Plaintiff is informed and believes and thereupon alleges that each of the said Defendants is legally responsible in some manner for the events and happenings referred to herein, and directly and proximately caused the damages and injuries to Plaintiff as hereinafter alleged.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and 15 U.S.C. § 77v.

9. Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. § 1391(a).

10. Defendants Spellman, Carlo Mondavi, Joshua LeVine, and Tim Mondavi, consented to the personal jurisdiction of the Federal and State courts in the State of Nevada in connection with any action arising out of or brought with respect to the March 27, 2006 Stock Purchase Agreement.

## STOCK PURCHASE AGREEMENT

11. On March 27, 2006, Artist House and Davi entered into a Stock Purchase Agreement (hereinafter the "Agreement") whereby Artist House conditionally purchased shares of stock in Davi (the "Davi Shares") for an aggregate purchase price of $1,700,000 U.S. Dollars.

M&A:08524-001 390532_1 7/31/2006 10:09 AM

12. The Agreement was executed by Spellman on behalf of Davi, and by Carlo Mondavi, LeVine, Spellman, and Tim Mondavi, each individually.

13. The Davi Shares sold to Artist House by Davi pursuant to the Agreement are securities.

14. Davi transferred the Davi Shares to Artist House in exchange for money, constituting the sale of a security or securities.

15. The purchase of the Davi shares by Artist House under the Agreement was subject to certain conditions subsequent which Davi was required to meet on or before April 29, 2006 (hereinafter the "Conditions Deadline").

16. Davi was required to perform the following conditions on or before the Conditions Deadline:

    a. LeVine, "shall vacate his office and this office shall be sublet";

    b. Spellman's Stock Option Agreement with Davi must be modified so that any voluntary resignation within the first two years of service by Spellman shall immediately terminate Spellman's right to exercise those options;

    c. Expand Davi's Board of Directors to seven individuals;

    d. Appoint Tim Mondavi to the Board of Directors;

    e. Discontinue use of and close its credit cards and not open any new credit card accounts without unanimous Board approval;

    f. Grant Artist House a Licensing Agreement as Davi's licensing agent in Japan; and

    g. Obtain Board of Directors and Officers Insurance for all Board members.

17. Artist House's purchase of the Davi Shares pursuant to the Agreement was subject to the condition subsequent that Davi would hire a "new experienced person, knowledgeable in the operations of a small cosmetic company".

18. Artist House's purchase of the Davi Shares pursuant to the Agreement was subject to the condition subsequent that no Davi officer would receive a raise within 12 months of the execution of the Agreement, and that no officers would receive raises without Board

M&A:08524-001 390532_1 7/31/2006 10:09 AM

1  approval.

2  19.  Artist House's purchase of the Davi Shares pursuant to the Agreement was
3  subject to the condition subsequent that within four months of receipt of funds from Artist
4  House, Davi must hold a Shareholder meeting.

5  20.  At the time Defendants and each of them entered into the Agreement, they knew
6  or should have known they could not complete the conditions subsequent, or some of the
7  conditions subsequent within the time frame required by the Agreement.

8  21.  At the time Defendants and each of them entered into the agreement, they had the
9  then-present intention of failing and refusing, and continuing to fail and refuse to perform the
10 conditions subsequent to the Agreement.

11 22.  Defendants and each of them, when entering into the Agreement, had the
12 intention of luring Artist House into signing the Agreement with the promise of complying with
13 the conditions subsequent but having no intention to do so.

14 23.  Defendants failed to meet one or more of the conditions subsequent required by
15 the Agreement.

16 24.  Defendants warranted in the Agreement that no Davi officers' salaries had
17 increased since January 1, 2006.

18 **ACTIONS AFTER EXECUTION OF THE AGREEMENT**

19 25.  On May 4, 2006, Artist House notified Davi that the Agreement was terminated
20 for Davi's breach of the terms of the Agreement and demanded return of the entirety of the
21 contingent payment together with accrued interest. (hereinafter the "Termination Notice")

22 **DAVI'S OFFICERS INCREASED THEIR SALARIES AFTER JANUARY 1, 2006**

23 26.  Davi's Form 10KSB filed with the Securities and Exchange Commission ("SEC")
24 on April 17, 2006 states that as of January 1, 2006, Carlo Mondavi's salary was $96,000.00 per
25 year.

26 27.  By a document dated March 1, 2006 entitled "Employment Agreement"
27 (hereinafter referred to as "Carlo Mondavi's Employment Agreement"), Carlo Mondavi's salary
28 was raised to $120,000.00 per year.

M&A:08524-001 390532_1 7/31/2006 10:09 AM

28. Davi's Form 10KSB filed with the SEC on April 17, 2006 states that as of January 1, 2006, LeVine's salary was $66,000.00 per year.

29. By a document dated March 1, 2006 entitled Employment Agreement (hereinafter referred to as "Joshua LeVine's Employment Agreement"), LeVine's salary was raised to $96,000.00 per year.

30. Upon information and belief, Carlo Mondavi's Employment Agreement was executed by Carlo Mondavi and Joseph Spellman, as President of Davi, after March 27, 2006.

31. Upon information and belief, Joshua LeVine's Employment Agreement was executed by Joshua LeVine and Joseph Spellman, as President of Davi, after March 27, 2006.

32. Upon information and belief, after the execution of the Agreement, Spellman received a $1,000.00 per month "cost of living" increase from Davi.

## DAVI FAILED TO EXPAND ITS BOARD OF DIRECTORS

33. On April 27, 2006, Davi held a Board of Directors meeting.

34. At the April 27, 2006 Davi Board of Directors meeting, the Board of Directors allowed Artist House, Taro Yamakawa, Takashi Kusube, and Yuzuru Kawabata to attend by teleconference.

35. The April 27, 2006 Davi Board of Directors meeting was scheduled in order to appoint Taro Yamakawa, Takashi Kusube, Yuzuru Kawabata, and Tim Mondavi to Davi's Board of Directors.

36. During the April 27, 2006 Davi Board of Directors meeting, Artist House was informed that Taro Yamakawa, Takashi Kusube, Yuzuru Kawabata, and Tim Mondavi would not be appointed to the Board of Directors because of a potential lawsuit against Davi, Carlo Mondavi, and Tim Mondavi individually.

37. On May 11, 2006, after Davi received the Termination Notice, Davi filed a Form SB-2 registration statement with the SEC for Artist House's investment.

38. While the May 11, 2006 SB-2 registration statement failed to mention Davi's Termination Notice, Davi confirmed that Taro Yamakawa, Takashi Kusube, Yuzuru Kawabata, and Tim Mondavi had not yet been appointed to Davi's Board of Directors.

M&A:08524-001 390532_1 7/31/2006 10:09 AM

39. Although Davi's by-laws require an annual shareholder's meeting, upon information and belief, to date no shareholder's meeting has been held by Davi.

40. Spellman's appointment to the Board of Directors as CEO of Davi by the Board of Directors was never approved by shareholders of Davi as required by Nevada law.

### DAVI FAILED TO DESIGNATE ARTIST HOUSE AS LICENSING AGENT FOR DAVI IN JAPAN

41. Davi failed to designate Artist House as licensing agent for Davi in Japan before expiration of the Conditions Deadline.

42. After the Conditions Deadline had passed and Termination Notice was provided to Davi, on May 5, 2006, Carlo Mondavi informed Artist House that Davi was preparing a licensing agreement that would be available for Artist House to review approximately two weeks hence.

43. To date, no licensing agreement has been sent to Artist House for review, nor has Artist House been provided with the terms and conditions of any such licensing agreement.

### DAVI FAILED TO MODIFY JOSEPH SPELLMAN'S STOCK OPTION AGREEMENT

44. Spellman's employment agreement with Davi specifically states that it may be modified by written instrument executed by Spellman and Davi.

45. Davi did not modify Spellman's stock option agreement within thirty (30) days of the execution of the Agreement.

46. After the Conditions Deadline had passed and Termination Notice was provided to Davi, on May 5, 2006, Carlo Mondavi informed Artist House that Davi's attorneys are modifying Spellman's employment agreement and would confirm following Spellman's execution of further documentation.

47. To date, Artist House has not received any confirmation or documentation evidencing any written changes to Spellman's employment agreement.

### DAVI FAILED TO DISCONTINUE AND CLOSE ITS CREDIT CARD

48. Upon information and belief, Davi did not discontinue and/or close its credit cards before the Conditions Deadline.

M&A:08524-001 390532_1 7/31/2006 10:09 AM

### DAVI FAILED TO HOLD $1,700,000 IN A SEPARATE ACCOUNT

49. The Agreement provided that Artist House's $1.7 million would be held in a separate interest bearing account until the conditions subsequent were met.

50. Davi failed to hold the full $1.7 million in a separate account as required by the Agreement.

### BREACH BY FAILING TO OBTAIN BOARD OF DIRECTORS AND OFFICERS INSURANCE

51. Upon information and belief, Davi failed to obtain board of directors and officers insurance prior to the Conditions Deadline.

### SHAREHOLDERS CARLO MONDAVI AND JOSH LEVINE FAILED TO ENTER INTO A FORMAL SHAREHOLDER AGREEMENT

52. The Agreement required shareholders Carlo Mondavi and LeVine to enter into a formal shareholder agreement with Davi within forty-five (45) days after the execution of the Agreement.

53. Davi failed to enter into a formal shareholder agreement with Carlo Mondavi and Joshua LeVine within forty-five (45) days of the execution of the Agreement.

### DAVI USED AN UNLICENSED BROKER TO SELL DAVI'S SECURITIES TO ARTIST HOUSE

54. The Agreement was a private offering for the sale of securities to Artist House by Davi.

55. On January 21, 2005, Davi entered into a finders fee Agreement with Taro Yamakawa (hereinafter the "Unlicensed Broker Agreement").

56. The Unlicensed Broker Agreement provided that Yamakawa would be given a transaction fee equal to ten percent (10%) of the amount tendered and accepted by any entity, to Davi.

57. Yamakawa is not registered with the Securities and Exchange Commission nor the State of Nevada as a broker/dealer or licensed salesman.

58. Yamakawa recommended Davi and the purchase of its securities to Artist House.

59. Yamakawa negotiated the terms of the securities offering and agreement between

Davi and Artist House.

60. Yamakawa attended meetings and presentations between Davi and Artist House in Napa, California and Los Angeles, California.

61. Yamakawa performed and accommodated due diligence efforts between Davi and Artist House in Los Angeles.

62. Yamakawa received a transaction-based compensation or commission and otherwise engaged in the business of effecting and facilitating the sale of the Davi Shares between Davi and Artist House.

63. Davi and Yamakawa utilized instrumentalities of interstate commerce including, upon information and belief, U.S. Mail, telephone, facsimile, and email while negotiating and executing the Agreement.

64. On or about March 29, 2006, Carlo Mondavi on behalf of Davi directed Evan Zimmermann, the transactional escrow agent, to wire $204,000.00 from Davi's $1.7 million investment to Yamakawa, constituting a twelve percent (12%) "brokers fee".

65. Based in part upon Davi's use of an unregistered broker/dealer, Artist House declared its right to rescind the Agreement, and demanded the same from Davi.

66. Despite Artist House's requests for rescission of the Agreement and immediate return of its $1.7 million investment, Davi has refused the same.

### DAVI BREACHED THE TERMS OF ITS SALARY DEFERRAL AGREEMENT

67. In the January 23, 2006 meeting of the Board of Directors of Davi, the Board agreed to a deferral of salaries of Spellman, Carlo Mondavi, and LeVine until such time as the company had a minimum of $2 million net in cash, at which time salaries would begin to be paid again. Further, the Board agreed that at such time that the company had $3 million net in cash, the deferred salaries would be paid.

68. The January 23, 2006 decision by the Board of Directors was confirmed in a January 24, 2006 letter to Artist House from Spellman.

69. On May 22, 2006, Davi filed a Form 10-QSB with the SEC stating that its total assets as of March 31, 2006 were $2,897,554.00. Davi further disclosed that its largest asset

M&A:08524-001 390532_1 7/31/2006 10:09 AM

consisted of cash in the amount of $102,576.00 and a Certificate of Deposit in the amount $2,705,352.00.

70. Although Davi did not have $3 million net in cash as of the date of the Agreement, once the Agreement was signed, deferred salary amounts were paid to Spellman, Carlo Mondavi, and LeVine.

### FIRST CAUSE OF ACTION
(Violation of Federal Securities Laws—Against Defendants Davi, Spellman, Carlo Mondavi, and LeVine)

71. Plaintiff repeats and realleges his allegations hereinabove inclusively, as though fully set forth herein, and incorporates the same by this reference.

72. Defendants Davi, Spellman, Carlo Mondavi, and LeVine misstated or omitted material facts in connection with the sale of the Davi Shares to Artist House.

73. The misstatements and/or omissions of material fact were made with scienter.

74. Artist House reasonably and justifiably relied upon the misstatements and/or omissions of material fact by Defendants.

75. As a direct and proximate cause of Defendants' breach, Plaintiff has been damaged in excess of $75,000.

76. As a direct and proximate result of the aforesaid acts, it has become nece3ssary for Plaintiff to secure the services of an attorney, and Plaintiff is entitled to recover fees and costs incurred herein as damages.

### SECOND CAUSE OF ACTION
(Violating 15 U.S.C. § 78o(a) —Against Defendant Davi)

77. Plaintiff repeats and realleges its allegations hereinabove inclusively, as though fully set forth herein, and incorporates the same by this reference.

78. Pursuant to 15 U.S.C. 78o(a), (1), it is unlawful for any broker or dealer unless such broker or dealer is registered in accordance with subsection b of the same section, to participate in the purchase or sale of securities through the use of mail or any means or instrumentality of an interstate commerce.

79. Davi engaged the serves of Yamakawa, an unlicensed broker/dealer or salesman.

M&A:08524-001 390532_1 7/31/2006 10:09 AM

80. As a direct and proximate cause of Defendants' breach, Plaintiff has been damaged in excess of $75,000, plus interest thereon, in an amount to be determined at trial.

81. As a direct and proximate result of the aforesaid acts, it has become necessary for Plaintiff to secure the services of an attorney, and Plaintiff is entitled to recover fees and costs incurred herein as damages.

### THIRD CAUSE OF ACTION
(Violation of Nevada State Securities Laws—Against Defendants Davi, Spellman, Carlo Mondavi, LeVine)

82. Plaintiff repeats and realleges its allegations hereinabove inclusively, as though fully set forth herein, and incorporates the same by this reference.

83. Defendant Davi paid Yamakawa an illegal commission.

84. Davi violated NRS 90.460.

85. As a direct and proximate cause of Defendants' breach, Plaintiff has been damaged in excess of $75,000, plus interest thereon at the legal rate from March 27, 2006, pursuant to NRS 90.660, in an amount to be determined at trial.

86. As a direct and proximate result of the aforesaid acts, it has become necessary for Plaintiff to secure the services of an attorney, and Plaintiff is entitled to recover fees and costs incurred herein as damages, pursuant to NRS 90.660.

### FOURTH CAUSE OF ACTION
(Violation of Nevada State Securities Laws—Against Defendants Davi, Spellman, Carlo Mondavi, LeVine)

87. Plaintiff repeats and realleges its allegations hereinabove inclusively, as though fully set forth herein, and incorporates the same by this reference.

88. Davi purposely omitted disclosing to Artist House that it paid a commission to Yamakawa in connection with the sale of the Davi Shares to Artist House

89. Davi, Spellman, Carlo Mondavi, and LeVine violated NRS 90.570.

90. As a direct and proximate cause of Defendants' breach, Plaintiff has been damaged in excess of $75,000, plus interest thereon at the legal rate from March 27, 2006, pursuant to NRS 90.660, in an amount to be determined at trial.

M&A:08524-001 390532_1 7/31/2006 10:09 AM

91. As a direct and proximate result of the aforesaid acts, it has become necessary for Plaintiff to secure the services of an attorney, and Plaintiff is entitled to recover fees and costs incurred herein as damages, pursuant to NRS 90.660.

### FIFTH CAUSE OF ACTION
(Violation of Nevada State Securities Laws—Against Defendants Davi, Spellman, Carlo Mondavi, LeVine)

92. Plaintiff repeats and realleges its allegations hereinabove inclusively, as though fully set forth herein, and incorporates the same by this reference.

93. Defendants Davi, Spellman, Carlo Mondavi, and LeVine failed to disclose to Artist House at the time of the execution of the Agreement, their intent to increase salaries for Spellman, Carlo Mondavi, and LeVine.

94. Davi, Spellman, Carlo Mondavi, and LeVine violated NRS 90.570.

95. As a direct and proximate cause of Defendants' breach, Plaintiff has been damaged in excess of $75,000, plus interest thereon at the legal rate from March 27, 2006, pursuant to NRS 90.660, in an amount to be determined at trial.

96. As a direct and proximate result of the aforesaid acts, it has become necessary for Plaintiff to secure the services of an attorney, and Plaintiff is entitled to recover fees and costs incurred herein as damages, pursuant to NRS 90.660.

### SIXTH CAUSE OF ACTION
(Breach of Contract--Against All Defendants)

97. Plaintiff repeats and realleges his allegations hereinabove inclusively, as though fully set forth herein, and incorporates the same by this reference.

98. Artist House satisfied all conditions required of it under the Agreement.

99. Defendants failed to substantially perform and materially breached the Agreement.

100. Defendants failed to satisfy one or more of the conditions subsequent from the Agreement, within the time period allowed.

101. As a direct and proximate result of the aforesaid acts, it has become necessary for Plaintiff to secure the services of an attorney, and Plaintiff is entitled to recover fees and costs

M&A:08524-001 390532_1 7/31/2006 10:09 AM

incurred herein as damages.

102. As a direct and proximate cause of Defendants' breach, Plaintiff has been damaged in excess of $75,000, plus interest thereon, in an amount to be determined at trial.

### SEVENTH CAUSE OF ACTION
(Breach of Covenant of Good Faith and Fair Dealing—Tort – Against Davi)

103. Plaintiff repeats and realleges his allegations hereinabove inclusively, as though fully set forth herein, and incorporates the same by this reference.

104. Every contract in the State of Nevada contains an implied covenant of good faith and fair dealing.

105. Davi held itself out as a "partner" with Artist House.

106. Artist House and Davi maintained a special relationship of trust.

107. Davi breached the covenant of good faith and fair dealing.

108. As a direct and proximate result of the aforesaid acts, it has become necessary for Plaintiff to secure the services of an attorney, and Plaintiff is entitled to recover fees and costs incurred herein as damages.

109. As a direct and proximate cause of Defendants' breach, Plaintiff has been damaged in excess of $75,000, plus interest thereon, in an amount to be determined at trial.

110. Defendants' actions were committed with malice and oppression, entitling Plaintiff to punitive damages in an amount in excess of $75,000.00, the exact amount of which will be determined at the time of the trial in this matter.

### EIGHTH CAUSE OF ACTION
(Breach of Covenant of Good Faith and Fair Dealing—Contract –
Against All Defendants)

111. Plaintiff repeats and realleges his allegations hereinabove inclusively, as though fully set forth herein, and incorporates the same by this reference.

112. Every contract in the State of Nevada contains an implied covenant of good faith and fair dealing.

113. Davi breached the covenant of good faith and fair dealing.

114. As a direct and proximate result of the aforesaid acts, it has become necessary for

M&A:08524-001 390532_1 7/31/2006 10:09 AM

Plaintiff to secure the services of an attorney, and Plaintiff is entitled to recover fees and costs incurred herein as damages.

115. As a direct and proximate cause of Defendants' breach, Plaintiff has been damaged in excess of $75,000, plus interest thereon, in an amount to be determined at trial.

### NINTH CAUSE OF ACTION
(Fraud—Against Defendants Davi, Spellman, LeVine, and Carlo Mondavi)

116. Plaintiff repeats and realleges his allegations hereinabove inclusively, as though fully set forth herein, and incorporates the same by this reference.

117. By executing the Agreement, Davi, Spellman, LeVine, and Carlo Mondavi (hereinafter the "Fraud Defendants") made fraudulent misrepresentations to Artist House as contained hereinabove.

118. The Fraud Defendants knew, or should have known that Artist House representations were false.

119. The Fraud Defendants intended to defraud Artist House through its misrepresentations.

120. Artist House was unaware that the Fraud Defendants' representations were false and reasonable and justifiably relied upon said false statements.

121. As a direct and proximate result of the aforesaid acts, it has become necessary for Plaintiff to secure the services of an attorney, and Plaintiff is entitled to recover fees and costs incurred herein as damages.

122. As a direct and proximate cause of Defendants' breach, Plaintiff has been damaged in excess of $75,000, plus interest thereon, in an amount to be determined at trial.

123. Defendants' actions were committed with malice and oppression, entitling Plaintiff to punitive damages in an amount in excess of $75,000.00, the exact amount of which will be determined at the time of the trial in this matter.

### TENTH CAUSE OF ACTION
(Negligent Misrepresentation—Plead in the Alternative Against Defendants Davi, Spellman, LeVine, and Carlo Mondavi)

124. Plaintiff repeats and realleges his allegations hereinabove inclusively, as though

M&A:08524-001 390532_1 7/31/2006 10:09 AM

fully set forth herein, and incorporates the same by this reference.

125. The Fraud Defendants supplied false information in the execution of the Agreement to Artist House.

126. The Fraud Defendants failed to exercise reasonable care and competence in obtaining or communicating said false information to Artist House.

127. Artist House reasonably and justifiably relied upon the Fraud Defendants' representations to its detriment.

128. As a direct and proximate result of the aforesaid acts, it has become necessary for Plaintiff to secure the services of an attorney, and Plaintiff is entitled to recover fees and costs incurred herein as damages.

129. As a direct and proximate cause of Defendants' breach, Plaintiff has been damaged in excess of $75,000, plus interest thereon, in an amount to be determined at trial.

### ELEVENTH CAUSE OF ACTION
(Unjust Enrichment—Plead in the Alternative Against Defendant Davi)

130. Plaintiff repeats and realleges his allegations hereinabove inclusively, as though fully set forth herein, and incorporates the same by this reference.

131. Artist House conferred a benefit upon Davi.

132. Davi appreciated the benefit conferred upon it by Artist House.

133. Davi accepted and retained the benefit conferred upon it by Artist House under circumstances where it would be inequitable to retain the benefit without payment of the value thereof.

134. As a direct and proximate result of the aforesaid acts, it has become necessary for Plaintiff to secure the services of an attorney, and Plaintiff is entitled to recover fees and costs incurred herein as damages.

135. As a direct and proximate cause of Defendants' breach, Plaintiff has been damaged in excess of $75,000, plus interest thereon, in an amount to be determined at trial.

. . .

. . .

M&A:08524-001 390532_1 7/31/2006 10:09 AM

## TWELFTH CAUSE OF ACTION
(Conversion—Plead in the Alternative Against Defendant Davi)

136. Plaintiff repeats and realleges his allegations hereinabove inclusively, as though fully set forth herein, and incorporates the same by this reference.

137. Davi wrongfully converted property belonging to Artist House for Davi's own benefit and gain.

138. As a direct and proximate result of the aforesaid acts, it has become necessary for Plaintiff to secure the services of an attorney, and Plaintiff is entitled to recover fees and costs incurred herein as damages.

139. As a direct and proximate cause of Defendants' breach, Plaintiff has been damaged in excess of $75,000, plus interest thereon, in an amount to be determined at trial.

140. Defendant's actions were committed with malice and oppression, entitling Plaintiff to punitive damages in an amount in excess of $75,000.00, the exact amount of which will be determined at the time of the trial in this matter.

## THIRTEENTH CAUSE OF ACTION
(Rescission—Against Defendant Davi)

141. Plaintiff repeats and realleges his allegations hereinabove inclusively, as though fully set forth herein, and incorporates the same by this reference.

142. Davi breached the Agreement.

143. Davi sold securities to Artist House through the use of Yamakawa, an unregistered broker or dealer.

144. A broker is any person engaged in the business of effecting transactions and securities for the account of others.

145. Artist House is therefore entitled to rescission of the Agreement.

146. Artist House is entitled to an order from the court rescinding the Agreement.

147. Artist House is entitled to an order from the Court granting restitution to Artist House of the $1,700,000 which Artist House paid to consummate the Agreement.

148. As a direct and proximate cause of Defendants' breach, Plaintiff has been

M&A:08524-001 390532_1 7/31/2006 10:09 AM

1  damaged in excess of $75,000, plus interest thereon, in an amount to be determined at trial.

2      149. As a direct and proximate result of the aforesaid acts, it has become necessary for Plaintiff to secure the services of an attorney, and Plaintiff is entitled to recover fees and costs incurred herein as damages.

    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

    1. For an Order of this Court awarding damages against Defendants Davi, Spellman, Carlo Mondavi, and LeVine in an amount in excess of $75,000.00 for violation of Federal securities laws;

    2. For an Order of this Court awarding damages against Defendants Davi, Spellman, Carlo Mondavi, and LeVine in an amount in excess of $75,000,00 against Defendants for violation of Nevada State securities laws;

    3. For an Order of this Court awarding damages against all Defendants in an amount in excess of $75,000.00 for breach of contract;

    4. For an Order of this Court awarding damages against Defendant Davi in an amount in excess of $75,000.00 for breach of covenant of good faith and fair dealing -- tort;

    5. For an Order of this Court awarding damages against all Defendants in an amount in excess of $75,000.00 for breach of covenant of good faith and fair dealing – contract;

    6. For an Order of this Court awarding damages against Defendants Davi, Spellman, LeVine, and Carlo Mondavi, in an amount in excess of $75,000.00 for fraud;

    7. For an Order of this Court awarding damages against Defendants Davi, Spellman, LeVine, and Carlo Mondavi, in an amount in excess of $75,000.00 for negligent misrepresentation;

    8. For an Order of this Court awarding damages against Defendant Davi in an amount in excess of $75,000.00 for unjust enrichment;

    9. For an Order of this Court awarding damages against Defendant Davi in an amount in excess of $75,000.00 for conversion;

    10. For rescission as requested herein and restitution to Artist House's former

1  position.

2  11.   For and award of punitive damages in an amount to be determined at the time of
3  trial;

4  12.   For attorneys fees, costs, and interest incurred as damages as a result of having to
5  bring this action; and

6  13.   For such further relief as the Court deems just and necessary in the premises.

7  DATED this 31st day of July, 2006.

        MARQUIS & AURBACH

        By _/s/ Jay Young_____
        Jay Young, Esq.
        Nevada Bar No. 5562
        10001 Park Run Drive
        Las Vegas, Nevada 89145
        Attorney(s) for Plaintiff

M&A:08524-001 390532_1 7/31/2006 10:09 AM