# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARTIST HOUSING HOLDINGS, INC., a Japanese corporation,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>DAVI SKIN, INC., a Nevada corporation; TIM MONDAVI, an individual; JOSEPH SPELLMAN, an individual; CARLO MONDAVI, an individual; JOSHUA LEVINE, an individual; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,<br><br>　　　　　　　Defendants. | Case No.: 2:06-cv-00893-RLH-LRL<br><br>**O R D E R**<br><br>(Motion to Dismiss–#15) |

Before the Court is Defendants Joseph Spellman ("Spellman"), Carlo Mondavi ("Mondavi"), Joshua Levine ("Levine") (collectively "Individual Defendants") and Davi Skin, Inc.'s ("Davi Skin") (all, collectively "Defendants") **Motion to Dismiss First Amended Complaint** (#15), filed October 4, 2006. The Court has also considered Plaintiff Artist Housing Holdings, Inc.'s Opposition (#21), filed October 23, 2006, and Defendants' Reply (#22), filed November 3, 2006.

/ /

1

**BACKGROUND**

The current litigation arises from an alleged breach of contract.  On or about March 27, 2006, Plaintiff entered into a Stock Purchase Agreement ("Agreement") with Davi Skin, whereby Plaintiff agreed to purchase shares of Davi Skin stock for $1.7 million on the condition that certain "conditions subsequent" be performed.  Defendant Spellman signed the Agreement on behalf of Davi Skin.  In addition, the Individual Defendants, along with Tim Mondovi (who to date has not been served), signed the Agreement under a heading titled "Agreed and Approved."  Plaintiff paid the $1.7 million and received the shares in exchange.

In its Amended Complaint ("Complaint"), Plaintiff alleges that Davi Skin did not fulfill the conditions subsequent to the Agreement.  Further, Plaintiff alleges that at the time the Agreement was executed Defendants knew or should have known the conditions could not be met, that they had the then-present intention of failing and refusing to perform the conditions, and that Defendants intended to lure Plaintiff into signing the Agreement while having no intention of complying with the conditions.  Following the alleged failure to meet the conditions, Plaintiff supposedly demanded that Davi Skin rescind the Agreement and return its $1.7 million, but Davi Skin refused.  Finally, Plaintiff alleges that Davi Skin's sale of stock was improper because the intermediary, Taro Yamakawa ("Yamakawa"), who is not a party to the litigation, was not a registered broker-dealer with the Securities and Exchange Commission.  As a result, Plaintiff brings thirteen causes of action against Defendants and Tim Mondavi.

Through the current motion, Defendants seek to dismiss Plaintiff's first, second, third, fourth, fifth, seventh, ninth, tenth, eleventh, twelfth, and thirteenth causes of action, in their entirety.  Further, Defendants move to dismiss Plaintiff's sixth and eighth causes of action to the extent that such claims are asserted against the Individual Defendants.

Having reviewed Plaintiff's Complaint consistent with Fed. R. Civ. P. 12(b)(6), the Court grants in part and denies in part Defendants' Motion to Dismiss in accordance with the following analysis. Additional facts bearing on this Court's decision are outlined below.

# DISCUSSION

## I. Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Yamaguchi v. U.S. Dept. of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citation omitted). All factual allegations set forth in the complaint "are taken as true and construed in the light most favorable to [p]laintiffs." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999). Although courts assume the facts alleged as true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegation." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (citation omitted).

## II. Violations Federal Securities Law

Plaintiff's first and second causes of action assert a violation of federal securities law. However, its first cause of action fails to specify the particular statute under which Plaintiff brings its claim, while Plaintiff's second cause of action asserts a violation of 15 U.S.C. § 78o, which Plaintiff concedes does not allow for a private right of action. *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1578 (9th Cir. 1990) (affirming summary judgment in favor of defendants "because [15 U.S.C. § 78o] does not give rise to a private right of action"). Accordingly, Plaintiff requests leave to amend to assert a new statute, 15 U.S.C. § 77l(a)(2), in its place.

Though it is unclear whether Plaintiff requests leave to amend both causes of action, the Court grants Plaintiff's request for leave to amend with respect to its first cause of action because it appears that this claim is premised on § 77l(a)(2). However, Plaintiff's second cause of action mirrors the language of § 78o, and even if Plaintiff were to exchange the statutory

1   basis to § 77l(a)(2), the claim nevertheless fails.  The Court therefore dismisses Plaintiff's second

2   cause of action without leave to amend.  *See Nunes v. Ashcroft*, 375 F.3d 805, 810 (9th Cir. 1990)

3   (affirming dismissal of complaint without leave to amend where amendment would be futile).

4          Though the Court has ruled on Defendants' motion with respect to Plaintiff's first

5   and second causes of action, the Court finds it necessary to address an additional argument raised

6   by Defendants.  Defendants argue that even if Plaintiff were to amend its Complaint to assert a

7   violation of § 77l(a)(2), Plaintiff nevertheless fails to meet the heightened pleading requirements

8   as required by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4.

9   However, the Court finds that these requirements, discussed below *infra* Section III.A, are

10  inapplicable and that Plaintiff's Complaint need only comply with the particularity requirements of

11  Fed. R. Civ. P. 9(b).  *See Falkowski v. Imation Corp.*, 309 F.3d 1123, 1133 (9th Cir. 2002) *as*

12  *amended by* 320 F.3d 905 (2003) ("Although [violations of 15 U.S.C. § 77l(a)(2)] are not

13  governed by the heightened pleading standards of the PSLRA . . . they are subject to Federal Rule

14  of Civil Procedure 9(b).").  Thus, the Court will determine whether Plaintiff's first cause of action,

15  if amended to assert 15 U.S.C. § 77l(a)(2), meets the particularity requirements of Rule 9(b).

16         When asserting fraud against a defendant, conclusory allegations that fraud has

17  occurred are insufficient.  *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir.

18  1989).  Rule 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with

19  particularity."  This requires a plaintiff to plead the time, place, and nature of the alleged fraud, so

20  as to provide the defendant with enough detail to prepare an adequate answer.  *Fecht v. Price Co.*,

21  70 F.3d 1078, 1082 (9th Cir. 1995) (citations omitted).  A plaintiff must plead evidentiary facts,

22  after which time the "court [must] consider what inferences those facts would support–despite

23  pitfalls and inefficiencies of such analysis at the pleading stage–and whether they are sufficient to

24  satisfy the specificity requirement of Rule 9(b)."  *Id.*  Ultimately, the nature of the individual case

25  determines how much specificity is required.  *Arroyo v. Wheat*, 591 F. Supp. 136, 139 (D. Nev.

26  1984).

Turning to Plaintiff's Complaint, Plaintiff directs the Court's attention to its allegation that in the Parties' March 27, 2006 Agreement, Defendants represented to Plaintiff that no salaries of Davi Skin officers had been raised since January 1, 2006. (Am. Compl. ¶ 24.) Despite this assurance, Plaintiff alleges that the salaries were in fact raised at some time between January 1, 2006, and March 27, 2006. (*Id.* ¶¶ 26-29.) The Court finds that such allegations demonstrate an inconsistency on the part of Defendants that, if proved at trial, could support an inference of fraud. *See In re GlenFed Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (superseded in statute to the extent that the PSLRA pleading requirements apply) (stating that a pleading alleging inconsistencies can give rise to the "circumstances constituting fraud" required by Rule 9(b)). Thus, the Court finds that Plaintiff has asserted with particularity at least one inference of fraud so as to find Plaintiff's first cause of action, if amended to assert the proper statutory foundation, is pled with sufficient particularity to comply with Rule 9(b).

**III.  Violations of Nevada State Securities Law**

Plaintiff's third, fourth, and fifth causes of action assert violations of Nevada securities law under Nev. Rev. Stat. §§ 90.460 and 90.570. Defendants argue for dismissal of these claims because Plaintiff's Complaint does not meet the heightened pleading requirements mandated by the PSLRA. Though Plaintiff seemingly concedes that its claims are governed by the PSLRA, the Court finds that they are not. Rather, these claims are subject to the particularity requirements of Rule 9(b). The Court finds that, except to the extent that Plaintiff's fourth cause of action asserts fraud against the Individual Defendants, Plaintiff's third, fourth, and fifth causes of action are stated with sufficient particularity in accordance with Rule 9(b).

**A.  Violations of Nev. Rev. Stat. § 90.570**

Plaintiff's fourth and fifth causes of action are brought pursuant to Nev. Rev. Stat. § 90.570, which covers fraudulent offers to sell, sales, offers to purchase, and purchases of securities. Defendants assert that this statute is subject to the heightened pleading requirements set forth by the PSLRA, which are more rigorous than those required by Rule 9(b). *Compare* 15

5

1    U.S.C. § 78u-4(b)(1)-(2) *with* Fed. R. Civ. P. 9(b).  As their basis for this argument, Defendants
2    cite *Shivers v. Amerco*, 670 F.2d 826, 831 (9th Cir. 1982), for the proposition that it is proper to
3    interpret Nevada's securities law statutes consistent with related federal statutes.  While this
4    statement is true as a general rule, *Shivers* was decided prior to the 1995 enactment of the PSLRA,
5    which made significant changes to federal securities law.  *In re Stratosphere Corp. Sec. Litig.*, 1 F.
6    Supp. 2d 1096, 1104 (D. Nev. 1998).  Thus, unless a state statute is amended to adopt the changes
7    made to its federal counterpart, "comity weighs against imposition of such changes in the absence
8    from state legislatures." *Id.*

9    Here, while § 90.570 and the PSLRA may be similar in substance with respect to
10   their bases for what constitutes misconduct, one significant difference exists, that being that the
11   PSLRA sets forth rigorous pleading requirements not found in § 90.570.  Interpreting § 90.570
12   consistent with the PSLRA would require the Court to impose statutory requirements where none
13   exist.  Nevertheless, Rule 9(b) remains in the backdrop to require Plaintiff to plead with
14   particularity its allegations of fraud brought under § 90.570.  *See Vess v. Ciba-Geigy Corp. USA*,
15   317 F.3d 1097, 1103-04 (9th Cir. 2003) (holding that the particularity requirement of Rule 9(b)
16   applies not only to claims expressly denominated as fraud claims but claims sounding in fraud,
17   including state statutory causes of action).  Thus, the question becomes whether Plaintiff's fourth
18   and fifth causes of action satisfy Rule 9(b)'s requirements.  Prior to turning to this issue, the Court
19   must address one additional argument raised by Defendants.

20   To further support dismissal, Defendants assert that because Plaintiff failed to
21   respond to Defendants' arguments on these causes of action in its Opposition, Local Rule 7-2(d)
22   mandates that they be dismissed.  While it is true that Plaintiff did not respond, Defendants'
23   argument rests on the presumption that the PSLRA's heightened pleading requirements apply.  As
24   outlined above, the PSLRA's pleading requirements are inapplicable and thus Defendants'
25   argument for dismissal of these claims on that basis is without merit.  Nevertheless, the Court
26   proceeds to determine whether Plaintiff's fourth and fifth causes of action comply with Rule 9(b).

AO 72
(Rev. 8/82)

1   Defendant's main contention is that Plaintiff generally, rather than particularly, pled
2   its allegations of fraud.  While true to a certain extent, Plaintiff supplements its general allegations
3   with pointed ones.  Specifically, Plaintiff's fourth and fifth causes of action, respectively, allege
4   that "Davi [Skin] purposely omitted disclosing to [Plaintiff] that it paid a commission to
5   Yamakawa in connection with the sale of the Davi Shares to [Plaintiff]" and that "[Defendants]
6   failed to disclose to [Plaintiff] at the time of the execution of the Agreement, their intent to
7   increase salaries for [the Individual Defendants]."  (Am. Compl. ¶¶ 88, 93.)  These paragraphs
8   specifically allege the type of conduct that Plaintiff believes constitutes fraud.  As a result, the
9   Court finds that Plaintiff's fourth and fifth claims for relief satisfy Rule 9(b) and give Defendants
10  sufficient notice to prepare an adequate answer.  A problem, however, arises under Plaintiff's
11  fourth cause of action with respect to which Defendants committed the alleged fraud.

12  Under its fourth cause of action, Plaintiff asserts that Davi Skin failed to disclose its
13  commission payment to Yamakawa.  However, it then accuses both Davi Skin and the Individual
14  Defendants of violating Nev. Rev. Stat. § 90.570.  As to the Individual Defendants, the Court finds
15  that Plaintiff has failed to state with particularity any acts performed by them that Plaintiff believes
16  are fraudulent.  Consequently, the Individual Defendants have not been provided sufficient detail
17  in which they can be expected to prepare an adequate answer.  Therefore, to the extent that
18  Plaintiff's fourth cause of action asserts fraud against the Individual Defendants, the Court hereby
19  dismisses this cause of action with leave to amend.  *See Silverstein v. Percudani*, 422 F. Supp. 2d
20  468, 473 (M.D. Pa. 2006) (sua sponte dismissing fraud claims for failing to comply with Rule
21  9(b)); *Doe v. United States*, 58 F.2d 494, 497 (9th Cir. 1995) ("a district court should grant leave
22  to amend even if no request to amend pleadings was made, unless it determines that the pleading
23  could not possibly be cured by the allegation of other facts") (citation omitted).

24  **B. Violations of Nev. Rev. Stat. § 90.460**

25  Plaintiff's third cause of action asserts a violation of Nev. Rev. Stat. § 90.460,
26  which states that "[i]t is unlawful for a person to offer to sell or sell any security in this state unless

the security is registered or the security or transaction is exempt under this chapter." Plaintiff asserts that Davi Skin violated the statute by paying Yamakawa an illegal commission. Defendants argue that Plaintiff's allegations of this statutory violation are not pled with the heightened pleading standards required by the PSLRA and therefore must be dismissed.

For the same reasons the PSLRA heightened pleading requirements do not apply to § 90.570, *see* discussion *supra* Section III.A, they likewise do not apply to § 90.460. Defendants have failed to point to a federal counterpart of § 90.460 that would allow the Court to read into this statute the heightened pleading requirements of the PSLRA. Nonetheless, while the allegations in this cause of action do not, from their face, appear to be based in fraud, the Court finds that Rule 9(b) applies. Though Plaintiff merely asserts that Davi Skin paid an illegal commission, the common theme throughout Plaintiff's securities law violations is that Defendants defrauded Plaintiff, this being just one example. As a result, Rule 9(b) applies. *See Stratosphere Corp.*, 1 F. Supp. 2d at 1104 (holding that Rule 9(b) applied to plaintiff's cause of action under the Securities Act because, despite plaintiff's assertion that the claim was not grounded in fraud, the complaint, read as a whole, rested in fraud).

Here, the Court finds that Plaintiff has satisfied Rule 9(b) because Plaintiff has clearly set forth its allegations of the statutory violation, namely that Davi Skin paid Yamakawa an illegal commission. For these reasons, the Court denies Defendants' motion to dismiss this claim.

**IV. Breach of Contract and Contractual Breach of Covenant of Good Faith**

Plaintiff's sixth and eighth causes of action, respectively, allege a breach of contract and a breach of the covenant of good faith and fair dealing arising from the contract against the Defendants. Defendants move to dismiss both claims to the extent that they are asserted against the Individual Defendants because, Defendants argue, they were not parties to the contract. In support, Defendants cite *Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 959 (Nev. 1998), for the general rule that "no one is liable upon a contract except those who are parties to it." (citation omitted). Further, Defendants argue that the Complaint makes it clear that Davi Skin was the only

party to the Agreement because Plaintiff asserted that "**Davi** was required to perform the following conditions on or before the Conditions Deadline." (Mot. to Dismiss at 7) (emphasis in original.)

To counter, Plaintiff argues that the Individual Defendants were signatories to the Agreement and accuses them of "splitting hairs by claiming that they are not parties despite the presence of their signatures on the Agreement as individuals." (Opp'n at 10.) Plaintiff further argues that it would not have entered into the Agreement without these signatures, as the Individual Defendants were "behind the Davi Skin venture." (*Id*.) Based on these assertions, the Court finds that the trier of fact could find that the Individual Defendants were parties to the Agreement. Further, in viewing the facts most favorable to Plaintiff, the trier of fact could also find that the Individual Defendants, in light of Plaintiff's fraud allegations, acted in bad faith with regard to their alleged failure to comply with the conditions subsequent. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's sixth and eighth causes of action against the Individual Defendants.

**V. Tortious Breach of Covenant of Good Faith and Fair Dealing**

Plaintiff alleges the tort of breach of covenant of good faith and fair dealing as its seventh cause of action, asserted only against Davi Skin. Both Parties agree that for a breach of covenant of good faith to be maintained, a special relationship must exist between the victim and the tortfeasor, characterized by elements of public interest, adhesion, and fiduciary responsibility. *Ins. Co. of the West v. Gibson Title Co.*, 134 P.3d 698, 702 (Nev. 2006). This covenant arises only in "rare and exceptional cases." *Id*. In its Complaint, Plaintiff asserts that "Davi [Skin] held itself out as a 'partner' with [Plaintiff]" and that Plaintiff and Davi Skin "maintained a special relationship of trust." (Am. Compl. ¶¶ 105, 106.) Defendants argue that the Court need not accept Plaintiff's conclusory allegations that a partnership or special relationship existed.

The Court's role at the Rule 12(b)(6) stage is not to evaluate the strength or weakness of claims. *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1292 (9th Cir. 1997). Moreover, "mere vagueness or lack of detail is not a ground for a motion to dismiss." *Ybarra v.*

1   *City of San Jose*, 503 F.2d 1041, 1044 (9th Cir. 1974).  The fact that there may or may not have

2   been a special relationship between the Parties is an issue to be flushed out in discovery, and in a

3   subsequent motion for summary judgment or trial.  Contrary to Plaintiff's statutory violations,

4   Rule 9(b) does not apply here to require Plaintiff to plead with particularity.  Thus, based on

5   Plaintiff's specific allegations that a special relationship existed, the Court finds that Plaintiff has

6   sufficiently pled its seventh cause of action under the "short and plain statement" requirement of

7   Fed. R. Civ. P. 8(a).  As a result, the Court denies Defendants' motion to dismiss this claim.

**VI.  Common Law Fraud**

Plaintiff's ninth cause of action asserts that Defendants "made fraudulent misrepresentations to Plaintiff," that "Defendants knew or should have known that the [] representations were false," that "Defendants intended to defraud [Plaintiff] through its [sic] misrepresentations," and that Plaintiff "justifiably relied upon said false statements."  (Am. Compl. ¶¶ 117-120.)  While, standing alone, the Court would likely find these paragraphs constitute mere conclusions of fraud that could not withstand Rule 9(b), Plaintiff's ninth cause of action "repeats and realleges his [sic] allegations hereinabove inclusively, as though fully set forth herein, and incorporates the same by this reference." (*Id.* ¶ 116.)  Because the Court has already found that Plaintiff's earlier allegations point out an inconsistency on the part of Defendants that could give rise to an inference of fraud, *see* discussion *supra* Section II, the Court finds that Plaintiff has sufficiently pled at least one instance of fraud on which to sustain its common law fraud claim.  Accordingly, Defendants' motion to dismiss Plaintiff's ninth cause of action is denied.

**VII.  Negligent Misrepresentation**

With regard to Plaintiff's tenth cause of action for negligent misrepresentation, Defendants move to dismiss on the grounds that Plaintiff has failed to allege that Defendants "supplied false information for the guidance of others in their business transactions." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998).  Defendants do not elaborate and Plaintiff does not respond.  However, in reviewing Plaintiff's Complaint, the Court finds that paragraph

10

125 asserts that "Defendants supplied false information in the execution of the Agreement to [Plaintiff]." The Court finds this allegation to be a sufficient "short and plain statement" as required by Rule 8(a). At this stage in the proceedings, the Court is not to evaluate the strength of Plaintiff's claim, nor will mere vagueness defeat a motion to dismiss. *Jacobson*, 105 F.3d at 1292; *Ybarra*, 503 F.2d at 1044. Thus, the Court denies Defendants' motion to dismiss this claim.

**VIII.  Unjust Enrichment and Conversion**

Defendants move to dismiss Plaintiff's eleventh cause of action for unjust enrichment on the grounds that this claim is wholly inconsistent with Plaintiff's breach of contract claim since "[a]n action based on a theory of unjust enrichment is not available when there is an express, written contract." *LeasePartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997). However, Plaintiff correctly counters by arguing that the Fed. R. Civ. P. 8(e)(2) allows a plaintiff to plead inconsistent causes of action. Plaintiff argues that should the Court find Plaintiff unable to recover under a breach of contract claim, it may be allowed to recover under an unjust enrichment theory. The Court agrees and denies Defendants' motion to dismiss this claim.

Likewise, Plaintiff's twelfth cause of action for conversion is pled in the alternative. The Court finds that should the Agreement be found void, Plaintiff may be entitled to proceed under a conversion claim for the return of any property wrongfully held by Defendants as alleged in its Complaint. While Defendants argue that Plaintiff's Complaint fails to specify what property is allegedly held by Defendants, the Court repeats that mere vagueness will not defeat a motion to dismiss and that Plaintiff has sufficiently pled its cause of action under Rule 8(a). *Ybarra*, 503 F.2d at 1044. Therefore, the Court declines to dismiss Plaintiff's twelfth cause of action.

**IX.  Rescission**

Plaintiff's thirteenth, and final, cause of action asserts the remedy of rescission based on the allegation that Davi Skin breached the Agreement by paying an illegal commission. Defendants argue that this claim fails to state a claim because Plaintiff's allegation that Davi Skin sold securities to an unlicensed broker is insufficient because (1) the applicable federal statute, 15

U.S.C. § 78o, does not provide for a private right of action; and (2) the comparable Nevada statute, Nev. Rev. Stat. § 90.310(1), applies only to business conducted in Nevada and there is no allegation that Yamakawa conducted business in Nevada.  Further, Defendants argue that Plaintiff has failed to address these arguments in its Opposition.  The Court agrees.  First, Plaintiff has conceded that § 78o does not afford it a private right of action.  Second, in its Opposition, Plaintiff merely recites black letter law regarding equitable and legal rescission and fails to address both the applicability of § 90.310(1) and whether it has successfully alleged that Yamakawa conducted business in Nevada.  As a result, the Court grants Defendants' motion to dismiss Plaintiff's thirteenth cause of action but grants Plaintiff leave to amend.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#15) is GRANTED in part and DENIED in part as follows: (1) the Court GRANTS Defendants' Motion as to Plaintiff's first and thirteenth causes of action, and grants Plaintiff leave to amend these claims; (2) the Court GRANTS Defendants' Motion as to Plaintiff's second cause of action, without leave to amend; (3) the Court GRANTS Defendants' Motion as to Plaintiff's fourth cause of action to the extent the claim is asserted against the Individual Defendants, and grants Plaintiff leave to amend this claim; and (4) the Court DENIES Defendants' Motion as to Plaintiff's third, fifth, sixth, seventh, eighth, ninth, tenth, eleventh and twelfth causes of action.

IT IS FURTHER ORDERED that Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint.

Dated: December 12, 2006.

_____
ROGER L. HUNT
United States District Judge