# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARTIST HOUSING HOLDINGS, INC., | Case No.: 2:06-cv-893-RLH-LRL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#47) |
| DAVI SKIN, INC., a Nevada corporation; TIM MONDAVI, an individual; JOSEPH SPELLMAN, an individual; CARLO MONDAVI, an individual; JOSHUA LEVINE, an individual; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive, | |
| Defendant(s). | |

Before the Court is Defendant Tim Mondavi's **Motion to Dismiss Second Amended Complaint** (#47), filed January 23, 2007. The Court has also considered Plaintiff's Opposition (#55), filed February 12, 2007, and Tim Mondavi's Reply (#58), filed February 26, 2007.

## BACKGROUND

The background of this case has been described thoroughly in this Court's Order entered December 14, 2006 ("December Order") (#26). In the December Order, the Court noted that Defendant had not yet been served. Defendant has now been served with the Second

1

1  Amended Complaint in this case and challenges the sixth and eighth causes of action in that
2  complaint (breach of contract and breach of covenant of good faith and fair dealing) for failing to
3  state a claim upon which relief can be granted.
4      For the reasons stated below the Court grants the motion to dismiss.

**DISCUSSION**

**I. Motion to Dismiss Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Yamaguchi v. U.S. Dept. of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citation omitted). All factual allegations set forth in the complaint "are taken as true and construed in the light most favorable to [p]laintiffs." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999). Although courts assume the facts alleged as true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegation." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (citation omitted).

**II. Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing**

A valid breach of contract claim has four elements. A plaintiff must establish that (1) a valid contract existed, (2) the plaintiff performed as specified by the contract, (3) the defendant failed to perform as specified by the contract, and (4) the plaintiff suffered an economic loss as a result of the defendant's breach of contract. *Henderson-Smith & Assocs. v. Nahamani Family Serv. Ctr.*, 752 N.E.2d 33, 43 (Ill. App. Ct. 2001); *Kreiss v. McCown DeLeeuw & Co.*, 37 F. Supp. 2d 294, 298 (S.D.N.Y. 1999); The third point is the only disputed issue before the Court in the instant Motion.

1    All parties seem to agree that Tim Mondavi's only duty under the contract was to
2    accept a position on the board if offered to him.  Plaintiff's Opposition points out that "the
3    Agreement specifically stated that it was conditioned upon Tim Mondavi's appointment to the
4    Davi Board of Directors.  Inherent in this condition is Tim Mondavi's agreement to accept an
5    appointment to the Davi Board of Directors, thus the need for his signature on the Agreement."
6    (Opp'n, p. 6 n.3.)  However, there is no indication in Plaintiff's Second Amended Complaint that
7    the offer was ever made.  In fact, a couple points indicate that the offer was never made.

8    Plaintiff cites the fact that Davi's board of directors was not expanded to seven
9    directors as a breach of contract.  (Opp'n 3.)  Plaintiff also cites the fact that Tim Mondavi was
10   never appointed to the board of directors as a breach of contract.  (*Id.*)  Plaintiff's Second
11   Amended Complaint links these two events.  Under the title "Davi Failed to Expand its Board of
12   Directors," Plaintiff describes an April 27, 2006, board of directors meeting wherein it was
13   determined that Tim Mondavi, as well as other possible appointees, would not be appointed to
14   Davi's Board of Directors "because of a potential lawsuit against" Tim Mondavi individually.
15   (Second Am. Compl. ¶ 33-40.)  In discussing each Defendants' "respective" breach of the contract,
16   Plaintiff's Opposition further validates the potential lawsuit as the reason for not appointing
17   Defendant: "Tim Mondavi was not appointed to the Board of Directors because of a potential
18   lawsuit against Davi, Carlo Mondavi, and Tim Mondavi, individually."  (Opp'n 4.)

19   Because there is no allegation in the Second Amended Complaint that the board
20   position was actually offered to Tim Mondavi, and that he rejected that offer, the Court finds that
21   the Second Amended Complaint does not state a claim for breach of contract against Tim
22   Mondavi.  There is no indication of any other possible breach by Defendant.  Similarly, there are
23   no allegations to show that Tim Mondavi breached the covenant of good faith and fair dealing.
24   Thus, the Court finds that the Second Amended Complaint also fails to state a claim against Tim
25   Mondavi on those grounds.
26

1   Plaintiff attempts to cure vital flaws in the Second Amended Complaint with
2   explanations in the Opposition. However, "[i]n determining the propriety of a Rule 12(b)(6)
3   dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a
4   memorandum in opposition to a defendant's motion to dismiss." *Broam v. Bogan*, 320 F.3d 1023,
5   1026 n.2 (9th Cir. 2003) (quoting *Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th
6   Circ. 1998)). Nevertheless, "[f]acts raised for the first time in plaintiff's opposition papers should
7   be considered by the court in determining whether to grant leave to amend or to dismiss the
8   complaint with or without prejudice." *Id.* Plaintiff states in the Introduction of his Opposition
9   that: "Timothy Mondavi refused to accept the position." (Opp'n 2.) Plaintiff also claims in the
10  Opposition, but not in any of the complaints filed with the Court, that "Timothy Mondavi was
11  listed as a member of Davi's Executive Advisory Board." (Opp'n 7.) This allegation tries to pin
12  liability on Tim Mondavi as an agent or officer of the corporation.
13   The Court finds that it may be possible to cure the defects presented in the Second
14  Amended Complaint as to Tim Mondavi. Therefore, the sixth and eighth causes of action will be
15  dismissed with leave to amend. However, the Court cautions Plaintiff that if Defendant brings a
16  successful motion to dismiss the amended portion of the complaint, sanctions and attorneys' fees
17  may also be granted against Plaintiff.
18   If Plaintiff chooses not to amend the sixth or eighth causes of action, Plaintiff shall
19  file a notice with the Court that clearly indicates this decision within thirty (30) days of the entry of
20  this Order. After this notice is entered, the sixth and eighth causes of action shall be deemed
21  dismissed as to Defendant Tim Mondavi.

22   **CONCLUSION**

23   Accordingly, and for good cause appearing,
24   IT IS HEREBY ORDERED that Defendant Tim Mondavi's Motion to Dismiss
25  Second Amended Complaint (#47) is GRANTED. Therefore, the sixth and eighth causes of action
26

AO 72
(Rev. 8/82)

of Plaintiff's Second Amended Complaint are dismissed as to Defendant Tim Mondavi with leave to Amend.

Plaintiff shall have thirty (30) days from the entry of this Order to file an amended complaint with the Court and serve it upon the Defendants.

Defendants shall have twenty (20) days from service of the amended complaint to file an answer with the Court.

IT IS FURTHER ORDERED that if Plaintiff chooses not to amend the sixth or eighth causes of action then: (1) Plaintiff shall file a notice with the Court that clearly indicates this decision within thirty (30) days of the entry of this Order, and (2) the sixth and eighth causes of action shall be deemed dismissed as to Defendant Tim Mondavi.  Defendant shall have twenty (20) days, from the entry of the notice, to file an answer to any remaining claims.

Dated:   March 27, 2007.

_____
**ROGER L. HUNT**
**Chief United States District Judge**