UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARTIST HOUSING HOLDINGS, INC., | Case No.: 2:06-cv-893-RLH-LRL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#50) |
| DAVI SKIN, INC., a Nevada corporation; TIM MONDAVI, an individual; JOSEPH SPELLMAN, an individual; CARLO MONDAVI, an individual; JOSHUA LEVINE, an individual; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive, | |
| Defendant(s). | |

Before the Court is Defendants Davi Skin, Inc., Joseph Spellman, Carlo Mondavi, and Joshua Levine's (collectively "Defendants") **Motion to Dismiss the First Cause of Action in Plaintiff's Second Amended Complaint** (#50), filed January 26, 2007.  The Court has also considered Plaintiff's Opposition (#56 & #57), filed February 12, 2007, and Defendants' Reply (#59), filed February 26, 2007.

The Court has also reviewed Defendants' Request for Judicial Notice in Support of their Motion to Dismiss (#51), filed January 26, 2007.

////

## BACKGROUND

The background of this case has been thoroughly briefed in this Court's Order entered December 14, 2006 ("December Order") (#26). The December Order ultimately dismissed various parts of Plaintiff's First Amended Complaint, and allowed leave to amend only some of those claims. The Court specifically stated that "Plaintiff's first cause of action, if amended to assert the proper statutory foundation, is pled with sufficient particularity to comply with Rule 9(b)." Defendants now move the Court to dismiss the first cause of action as stated in the Second Amended Complaint because Plaintiff's have failed to lay the "proper statutory foundation."

For the reasons stated below, the Court grants the motion to dismiss.

## DISCUSSION

**I. Motion to Dismiss Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Yamaguchi v. U.S. Dept. of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citation omitted). All factual allegations set forth in the complaint "are taken as true and construed in the light most favorable to [p]laintiffs." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999). Although courts assume the facts alleged as true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegation." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (citation omitted).

**II. § 12(a)(2) of the 1933 Securities Act, 15 U.S.C. 771(a)(2)**

Plaintiff's first cause of action is now based on § 12(a)(2) of the 1933 Securities Act, 15 U.S.C. 771(a)(2). This section establishes a private cause of action against a party who

1  sells a security "by means of a prospectus or oral communication, which includes an untrue

2  statement of material fact or omits to state a material fact necessary in order to make the

3  statements, in light of the circumstances under which they were made . . . ." *Id.*

4        The Supreme Court has clearly interpreted the language "by means of a prospectus

5  or oral communication." In *Gustafson v. Alloyd Co.*, the Supreme Court held that "prospectus," as

6  used in § 12(a)(2), is "a term of art referring to a document that describes a *public* offering of

7  securities by an issuer or controlling shareholder." 513 U.S. 561, 584 (1995) (emphasis added).

8  Further, the Supreme Court also noted the agreement among the Circuits that the term "oral

9  communication" is "restricted to oral communications that relate to a prospectus." *Id.* at 567-68.

10  As such, it is clear that for § 12(a)(2) to apply there must be a public offering.

11        Here there is no alleged public offering. Plaintiff states in its Second Amended

12  Complaint: "The Agreement was a private offering for the sale of securities to Artist House by

13  Davi." (Second Am. Compl. ¶ 54.) The Court finds that as pled the offering was private and not

14  public. *See generally West v. Innotrac Corp.*, 463 F. Supp. 2d 1169 (D. Nev. 2006) (discussing

15  *Gustafson* and the factors to determine whether an offering was public or private). Therefore,

16  Plaintiff has no claim under § 12(a)(2).

17        Plaintiff defends its use of the statute by stating that it was just following the

18  Court's December Order. However, this is not a fair invocation of the Court's December Order.

19  The December Order gave Plaintiff leave to amend "to assert the proper statutory foundation," but

20  Plaintiff has failed to do so. Therefore, the cause of action will be dismissed.

21        Plaintiff requests that the Court grant another leave to amend so that it can allege a

22  cause of action under § 10(b) of the Securities and Exchange Act, 15 U.S.C. § 78J(b). The Court

23  will allow for this amendment but cautions the Plaintiff that if the Defendants bring a successful

24  motion to dismiss the amended portion of the Complaint, the Court will be inclined to grant

25  significant sanctions including attorneys' fees.

26

3

If Plaintiff chooses not to amend the first cause of action then: (1) Plaintiff shall file a notice with the Court that clearly indicates this decision within thirty (30) days of the entry of this Order, and (2) the first cause of action shall be deemed dismissed.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants Motion to Dismiss the First Cause of Action in Plaintiff's Second Amended Complaint (#50) is GRANTED.

Plaintiff shall have thirty (30) days from the entry of this Order to file an amended complaint with the Court and serve it upon the Defendants.

Defendants shall have twenty (20) days from service of the amended complaint to file an answer with the Court.

IT IS FURTHER ORDERED that if Plaintiff chooses not to amend the first cause of action then: (1) Plaintiff shall file a notice with the Court that clearly indicates this decision within thirty (30) days of the entry of this Order, and (2) the first cause of action shall be deemed dismissed. Defendant shall have twenty (20) days, from the entry of the notice, to file an answer to the remaining claims.

Dated: March 27, 2007.

_____
**ROGER L. HUNT**
**Chief United States District Judge**