# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARTIST HOUSING HOLDINGS, INC., | Case No.: 2:06-cv-0893-RLH-LRL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#67) |
| DAVI SKIN, INC., a Nevada corporation; TIM MONDAVI, an individual; JOSEPH SPELLMAN, an individual; CARLO MONDAVI, an individual; JOSHUA LEVINE, an individual; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

Before the Court is Defendant Tim Mondavi's **Motion to Dismiss Third Amended Complaint** (the "Motion") (#67), filed May 15, 2007. The Court has also considered Plaintiff's Opposition (#70), filed June 4, 2007, and Defendant's Reply (#71), filed June 18, 2007.

**BACKGROUND**

The Court has sufficiently briefed the background of this case in previous orders on motions to dismiss. Here the Court only relates the pertinent background to the instant motion.

On March 28, 2007, the Court entered its order ("Dismissal Order") to dismiss the sixth (breach of contract) and eighth (breach of covenant of good faith and fair dealing) causes of

action in Plaintiff's Second Amended Complaint as to Defendant Tim Mondavi. (Dkt. #61.) The Court held that Tim Mondavi's only duty under the contract was to accept a position on the board if offered to him. (*Id.* at 3.) However, the breach of contract cause of action was dismissed against Tim Mondavi primarily because the Second Amended Complaint failed to allege that he was offered the position. (*Id.*) Furthermore, the Court's Dismissal Order held that "there are no allegations to show that Tim Mondavi breached the covenant of good faith and fair dealing." (*Id.*) The Dismissal Order granted Plaintiff leave to amend because of facts raised for the first time in Plaintiff's opposition papers. (*Id.* at 4 (quoting *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).)

Through new counsel, Plaintiff filed a Third Amended Complaint to correct the sixth and eighth causes of action. (Dkt. #65.) Defendant Tim Mondavi now brings the instant Motion to Dismiss. Because the Court finds that the Third Amended Complaint states a claim upon which relief may be granted against Defendant Tim Mondavi, the Motion is denied.

## DISCUSSION

**I. Motion to Dismiss Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Yamaguchi v. U.S. Dept. of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citation omitted). All factual allegations set forth in the complaint "are taken as true and construed in the light most favorable to [p]laintiffs." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999). Although courts assume the facts alleged as true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegation." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Dismissal is appropriate "only if it is clear that no relief could be granted

2

1  under any set of facts that could be proven consistent with the allegations." *McGlinchy v. Shell*

2  *Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (citation omitted).

3  **II. Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing**

4        A valid breach of contract claim has four elements.  A plaintiff must establish that

5  (1) a valid contract existed, (2) the plaintiff performed as specified by the contract, (3) the

6  defendant failed to perform as specified by the contract, and (4) the plaintiff suffered an economic

7  loss as a result of the defendant's breach of contract.  *Henderson-Smith & Assocs. v. Nahamani*

8  *Family Serv. Ctr.*, 752 N.E.2d 33, 43 (Ill. App. Ct. 2001); *Kreiss v. McCown DeLeeuw & Co.*, 37

9  F. Supp. 2d 294, 298 (S.D.N.Y. 1999).  In Nevada, "an implied covenant of good faith and fair

10 dealing exists in *all* contracts." *A.C. Shaw Const., Inc. v. Washoe County*, 784 P.2d 9, 10 (Nev.

11 1989) (emphasis in original).

12       Once again, the only point that Defendant Tim Mondavi claims is not sufficiently

13 pled is whether he failed to perform as specified by the contract.  (Dkt. #61, Dismissal Order 2.)

14     **A. Plaintiff's Third Amended Complaint**

15       Plaintiff's Third Amended Complaint resolves the Court's primary concern by

16 stating "Tim Mondavi declined to serve on [Davi's] Board." (Dkt. #65, ¶ 121.)  This statement

17 simultaneously alleges that the position was offered to Tim Mondavi, and that the offer was

18 rejected in breach of the contract.

19       Plaintiff's Third Amended Complaint also expands the previous allegations from

20 six short paragraphs to three pages of informative allegations which include Tim Mondavi's

21 involvement in the contract negotiations, his position with Davi Skin Inc., how he allegedly

22 induced Plaintiff into the Contract with no intention to perform, and other alleged actions that may

23 have caused harm to Plaintiff. The improved complaint resolves the Court's concerns with the

24 Second Amended Complaint.  (Dkt. #61, Dismissal Order; Dkt. #65, Third Am. Compl. 12-16).

25 Thus, the Court finds that the Third Amended Complaint states a claim upon which relief may be

26 granted against Tim Mondavi in breach of the covenant of good faith and fair dealing as well.

AO 72
(Rev. 8/82)

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Third Amended Complaint (#67) is DENIED.

Dated: August 28, 2007.

_____
ROGER L. HUNT
Chief United States District Judge